**Kathy BARRINGER, Administratrix of the Estate of Joe Barringer, Deceased, Plaintiff,**

v.

**WAL–MART STORES, INC. and Action Products Company, Defendants.**

No. 87–C–1015–B.

United States District Court, N.D. Oklahoma.

Nov. 22, 1988.

---

Ken Ray Underwood, Tulsa, Okl., for plaintiff.

Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, Tulsa, Okl., for defendants.

## ORDER

BRETT, District Judge.

This matter comes before the Court on the Defendants' Motion for Summary Judgment. Plaintiff initiated this action to seek redress for the wrongful death of her husband allegedly caused by a product manufactured by Action Products Company and sold by Wal–Mart Stores, Inc.

On February 21, 1987, Plaintiff's husband, Joe Barringer, went fishing alone on Lake Hudson near Salina, Oklahoma. When Joe Barringer did not return, the Plaintiff contacted the local authorities, who, in turn, initiated a search. Late that evening, Joe Barringer's 10–foot, flat-bottomed boat was found capsized, although Joe Barringer remained missing. When the boat was turned upright, it was discovered that the back portion of the rear boat seat was broken off; however, the sitting portion of the seat remained attached. A few beer cans and a life preserver were also found under the capsized boat. The lake patrolman who recovered the boat discovered that the boat's engine was in gear and the throttle was about half open. The broken portion of the seat was found the next morning floating along the shore line. On March 27, 1987, Mr. Barringer's body was found in Lake Hudson without a life preserver.

The decedent purchased the plastic boat seat from Defendant Wal–Mart Stores, Inc. The seat in question was manufactured by Defendant Action Products Company. Plaintiff filed this products liability claim against Wal–Mart Stores and Action Products Company alleging Mr. Barringer fell into the water and drowned when the plastic seat he was sitting on broke. The Plaintiff alleges the plastic seat was defective because it became brittle after it had been exposed to the sun for an extended period of time.

Defendants moved for summary judgment because the Plaintiff cannot establish the boat seat proximately caused Mr. Barringer's death. To sustain an action for products liability, the Plaintiff must prove the product caused the injury. The mere possibility the product might have caused the injury is insufficient. *Kirkland v. General Motors Corp.*, 521 P.2d 1353 (Okla.1974). In this instance, the Defendants argue several equally plausible hypotheses which could have caused Mr. Barringer's death. Mr. Barringer's death could be attributed to him starting the boat while it was in gear, thereby causing him to fall and break the seat. Also, Mr. Barringer could have started the boat in gear, fallen into the water, thereby causing the boat to capsize and breaking the seat.

The causal relationship must be proved by circumstantial evidence because there are no witnesses to the accident. Although essential facts may be proved by circumstantial evidence, that evidence must have sufficient probative value to constitute the

basis for a legal inference rather than mere speculation, and the circumstances proved must lead to the conclusion as a reasonable probability. *Downs v. Longfellow Corp.*, 351 P.2d 999 (Okla.1960). In *Downs*, the Oklahoma Supreme Court noted:

> "The conclusion must be a reasonable and probable one, and must follow logically from the facts. The circumstances must, of course, agree with and support the hypothesis which they are adduced to prove; but circumstantial evidence is not sufficient to establish a conclusion where the circumstances are merely consistent with such conclusion, or where the circumstances give equal support to inconsistent conclusions, or are equally consistent with contradictory hypotheses."

351 P.2d at 1005. *See also, Thompson v. Medley Material Handling, Inc.*, 732 P.2d 461, 463 (Okla.1987).

The central issue for all four causes of action is whether the circumstantial evidence offered tends to support Plaintiff's theory with reasonable probability, as opposed to the other causal hypotheses suggested by the Defendants. To withstand a motion for summary judgment, the Plaintiff "must establish that there is a genuine issue of material fact as to whether" the boat seat proximately caused Mr. Barringer's death. Plaintiff must do more than advance a theory consistent with the limited facts available. "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essen-tial to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, the Plaintiff has the burden of coming forward with some evidence, whether by affidavit or by deposition, to establish the proximate cause of Mr. Barringer's drowning.

■ Plaintiff's circumstantial evidence need not rise to such a degree of certainty that all other possibilities are eliminated; however, the evidence must take the likelihood of causation beyond the realm of speculation or conjecture. To overcome this burden, the Plaintiff submits as expert testimony the affidavit of Mr. Ronald Hellman, an engineer and reconstructionist.[1] The affidavit states that the boat seat was defective and unreasonably dangerous when it left the manufacturer's control and that the boat seat caused Mr. Barringer's death.[2] Although Mr. Hellman may be qualified to opine as to the seat's condition when it left the manufacturer's control, his conclusion that the defect caused the drowning is unsupported.[3] His opinion as to the ultimate issue of death is merely speculation and conjecture. Taking as true Mr. Hellman's opinion the seat was defective, a jury could just as easily conclude the seat broke when the boat capsized or when Mr. Barringer started the engine in gear with the throttle half open. It is important to note the affidavit does not explain the cause of the drowning, merely the condition of the seat. Although the seat may have been defective, it would not necessar-

---

**1.** Defendants do not take issue with the qualifications of expert Hellman as an engineer or reconstructionist but do question the validity of Mr. Hellman's opinion as to the cause of death because the facts upon which Mr. Hellman bases his opinion are not provided.

**2.** Plaintiff also attaches a copy of a Complaint filed in the District Court for the District of South Carolina, *Cook v. K–Mart and Action Products Company*, Case No. [illegible]. Plaintiff relies upon this Complaint as evidence of Action Products' knowledge the boat seat was defective. *Cook* is not controlling because the case was settled out of court and the issue was never litigated. Additionally, the seat's defective design becomes an issue only if the Plaintiff

can prove Mr. Barringer was sitting on the seat when it broke.

**3.** *See, Downs v. Longfellow* at 1004, citing 32 C.J.S. § 569 which states: "Reasons and facts supporting opinion. The reasons given in support of the opinions rather than the abstract opinions are of importance, and the opinion is of no greater value than the reasons given in its support. If no rational basis for the opinion appears, or if the facts from which the opinion was derived do not justify it, the opinion is of no probative force, and it does not constitute evidence sufficient to authorize submission of the issue to the jury or to sustain a finding or verdict, * * *."

ily have been the proximate cause of Mr. Barringer's death. It requires building an inference upon an inference to conclude the boat seat caused Mr. Barringer's drowning based upon Mr. Hellman's opinion the seat was defective.

The Plaintiff also submits her affidavit to support the conclusion the seat caused Mr. Barringer's death. Notwithstanding the Plaintiff is not considered an expert, her affidavit suffers from the same inferential deficiencies as Mr. Hellman's ultimate conclusion of causation. Plaintiff offers her opinion or belief that the boat seat caused her husband's death based upon her knowledge of his boating/fishing habits and the weather conditions at the time of the accident.

Plaintiff explains the causation element as follows:

"Joe Barringer was an experienced fisherman. He was out on the lake on a calm but cold day in February 1987. There is no reasonable possibility that Joe Barringer would have voluntarily entered the water for a casual swim. The inference that can be drawn from the capsized boat and broken seat is that the traumatic and sudden fracture of the defective boat seat caused Joe Barringer to fall into the water and drown. The surrounding facts and circumstances tend to support this conclusion with reasonable certainty." (Plaintiff's Response, pp. 5–6).

█ Plaintiff's conclusion that the boat seat caused the drowning is based solely upon Mr. Barringer's experience as a fisherman. From that statement, the Plaintiff infers the seat proximately caused Mr. Barringer's drowning. "While one reasonable inference resulting from a proven fact or facts may be treated as evidence in itself, it cannot be utilized as a basic proven fact for the generation of further, additional inferences." *Downs,* at 1005. Although Mr. Barringer may have been a very experienced fisherman, the fact does not make the Plaintiff's theory any more plausible than the Defendants' alternative theories. The Defendants present several equally plausible theories causing Mr. Barringer's death.

"For example, the lake patrolman who recovered the boat has testified that when the boat was recovered, the motor was at half throttle and the motor was in gear. Based on this testimony, it can be inferred that Joe Barringer attempted to start the boat motor while the boat was in gear and that when the motor started it abruptly threw him over the back edge of the boat. [Exhibit "B", p. 34]. Thus, an equally plausible inference can be drawn from the evidence that the boat seat had nothing to do with the demise of Joe Barringer. Or, Mr. Barringer could have simply lost his balance, fallen overboard, with the boat seat breaking after the fact. Another possibility is that the event which caused the boat seat to break happened before the event which caused Joe Barringer to fall into the lake. For example, it is possible that the boat seat broke early in the day and Joe Barringer continued to use the broken seat. The direct evidence reveals that only the back of the seat was broken and the sitting portion remained intact. Thus, the seat could still be used even though it did not have a back." (Defendants' Brief filed May 23, 1988, page 10).

The opinion expressed by the lake patrolman who found the capsized boat is also instructive on the Defendants' causation theory.

"Yes, sir. Upon what I noticed with the boat being in gear, the throttle being half throttled, a portion of a back seat being broke off, no damage done to the bottom of the boat that looked fresh or looked extensive enough to cause a boat to turn over, and being that the water conditions was the way it was,[4] I just— my opinion was the—that Joe just stood up to start the motor, and it probably didn't start the first crank.

Your older motors will start in gear. He may have throttled it a couple of times and give it a tow, and it may have started in gear and slung him over the

---

**4.** The weather was cold but calm on February 21, 1987.

back seat of the boat, which could have broke the back of the seat, and by hitin' the back edge of the boat, is enough weight to flip a 10–foot flat-bottomed boat over." (Dep. of Tommy Parker, p. 34, Exhibit to Defendants' Brief in Support of Motion for Summary Judgment).

Mere speculation as to one of many possible causes of Mr. Barringer's death is insufficient to take this case beyond the threshold of *Celotex*. Plaintiff has the burden of coming forward with evidence to take her theory the defective boat seat proximately caused Mr. Barringer's death beyond the realm of possibility and into the realm of probability.

"In a case of this kind, a verdict for plaintiff cannot be predicated upon conjecture or speculation relating to the issue of negligence. Instead there must be substantial evidence tending to show the acts of negligence pleaded in the complaint; and there must also be evidence tending to show that such negligence proximately caused the damage to the complainant. Negligence as the proximate cause of damage may be established by permissible inferences, but the inference must be based upon something other than mere conjecture or speculation. It does not suffice to introduce evidence tending to show facts which are simply consistent with negligence but suggest with equal force an inference of the nonexistence of negligence. The inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence. Evidence which presents a mere choice of probabilities relating to negligence as the proximate cause of damage create only conjecture or speculation on which a verdict for plaintiff cannot stand. The evidence must bring the theory of plaintiff to the level and dignity of a probable cause." [citations omitted]

*McCready v. United Iron and Steel Co.,* 272 F.2d 700, 702 (10th Cir.1959). Where the Plaintiff fails to meet that burden, " 'there can be no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex* 477 U.S. at 323, 106 S.Ct. at 2553. Although the boat seat may have been defective, the Motion for Summary Judgment must be sustained because the Plaintiff has not produced adequate probative evidence, either direct or circumstantial, tending to prove the seat proximately caused Mr. Barringer's death.

It is therefore ORDERED that the Defendants' Motion for Summary Judgment be sustained and the case dismissed.

IT IS SO ORDERED.